```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF NEW YORK



----------------------------X
                            :
WINDWARD BORA LLC,          :
                            :      19-CV-4601 (RRM)(JO)
              Plaintiff,    :
                            :      February 19, 2020
                            :
              V.            :      Brooklyn, New York
                            :
VADIM BORODYANSKY, et al.,  :
                            :
              Defendant.    :
----------------------------X


        TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
          BEFORE THE HONORABLE JAMES ORENSTEIN
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:        RAFI HASBANI, ESQ.




For the Defendant:        CHRISTOPHER VILLANTI, ESQ.


Audio Operator:


Court Transcriber:        ARIA SERVICES, INC.
                          c/o Elizabeth Barron
                          102 Sparrow Ridge Road
                          Carmel, NY 10512
                          (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1           THE CLERK:  Welcome, everybody.  We're on

2    the record in Windward Bora v. Borodyansky, 19-CV-4601.

3           Counsel, state your appearances please.  For

4    the plaintiff?

5           MR. HASBANI:  Rafi Hasbani from Hasbani &

6    Light, attorneys for the plaintiff.

7           MR. VILLANTI:  Christopher Villanti of

8    Petroff Amshem for the defendants Borodyansky and

9    Rytova.

10          THE COURT:  Good morning, everybody.

11          MR. HASBANI:  Good morning.

12          MR. VILLANTI:  Good morning, your Honor.

13          THE COURT:  All right, folks, so -- Mr.

14   Villanti, your client still hasn't provided the

15   acceleration letter?

16          MR. VILLANTI:  They did find an acceleration

17   letter, which was provided.  It turns out, at least

18   what we have, what he was able to find was, it was

19   later than he thought and it's within six years, but he

20   did find an acceleration letter around that time.

21          THE COURT:  Okay.  Are you withdrawing the

22   counterclaim?

23          MR. VILLANTI:  We wanted to -- the reason

24   why we asked partially also for the subpoena on PNC was

25   just to get -- there are two letters that are exactly

1    the same like this, not only the one in 2013 but there

2    was another one sent in 2016.  So with that, it's

3    possible obviously that there was one sent within two

4    months earlier, which wouldn't create the SOL issue

5    but --

6              THE COURT:  Based on your reasonable

7    inquiry, do you know that there is such a letter?

8              MR. VILLANTI:  I don't know.  No, I don't

9    know for sure.

10             THE COURT:  How can you maintain the

11   counterclaim consistent with Rule 11?

12             MR. VILLANTI:  Given what we have right now,

13   we can't.  I would admit it.

14             THE COURT:  You're withdrawing it?  Look,

15   you know what the ethical rules are and you know what

16   Rule 11 says.  Are you ethically in a position to

17   maintain this counterclaim?

18             MR. VILLANTI:  I think -- I would submit

19   that we --

20             THE COURT:  Please answer my question.

21             MR. VILLANTI:  Yes.  Given what we have, I

22   can't maintain it.  I freely admit that.

23             THE COURT:  So why not withdraw it?  If it's

24   an ethical violation and a violation of Rule 11 to

25   maintain it, why not withdraw it?

```
 1              MR. VILLANTI:  I don't believe it's --

 2              THE COURT:  Unless you want me to take the

 3   steps are appropriate when somebody violates Rule 11

 4   and their ethical obligations.  I don't want to do

 5   that.

 6              MR. VILLANTI:  No, and I don't -- I'm not

 7   trying to put your Honor in any kind of position to do

 8   that.

 9              THE COURT:  Well then, do what's right.

10   Look, you can't -- you know you can't have it both

11   ways, right?

12              MR. VILLANTI:  Yes.

13              THE COURT:  Okay, so I will leave it to you

14   to take appropriate steps given the fact -- given your

15   candid admission, which I appreciate --

16              MR. VILLANTI:  Yes.

17              THE COURT:  -- that you are not in a

18   position ethically or consistent with Rule 11 to

19   maintain the counterclaim.

20              MR. VILLANTI:  Yes, your Honor.

21              THE COURT:  Mr. Hasbani.

22              MR. HASBANI:  Yes, your Honor.

23              THE COURT:  The payment history and other

24   documents that they want to subpoena are things that

25   are within your legal right to get from these other
```

1   parties, correct?

2               MR. HASBANI:  Correct, and we are --

3               THE COURT:  Have you gotten them?

4               MR. HASBANI:  Not yet.

5               THE COURT:  You have violated your

6   obligations to provide the discovery because it's not

7   just what's in your possession, it's possession,

8   custody, and control, and these are within your

9   control, correct?

10              MR. HASBANI:  They are not in our control.

11              THE COURT:  You have a legal right to get

12  them from these folks, right?

13              MR. HASBANI:  Correct.

14              THE COURT:  You can issue a subpoena to

15  them, as I discussed with you last time, and enforce it

16  if they don't comply, correct?

17              MR. HASBANI:  I was advised by them that

18  they would provide these documents without the

19  subpoena.

20              THE COURT:  You have a legal obligation to

21  provide them because they're within you're legal

22  control, correct?

23              MR. HASBANI:  Correct.

24              THE COURT:  You have failed to do that,

25  correct?

1          MR. HASBANI:  Correct.

2          THE COURT:  Any reason why I shouldn't

3   preclude you from establishing the matters to which

4   they are relevant, namely the payment history and the

5   purported failure to pay on the loan?

6          MR. HASBANI:  Your Honor, I mean, as the

7   case law provided in my letter, we can rely on their

8   records with regard to payoff amount.

9          THE COURT:  Yes, but what you can't do is

10  deny them discovery to show that your records are

11  incorrect.  And if you fail to provide them discovery,

12  you can be precluded under Rule 37, as I warned would

13  be the case.  You can be precluded -- one of the

14  sanctions under Rule 37 that I advised I would

15  consider, one of those sanctions is to preclude you

16  from establishing something as to which you've denied

17  discovery, right?

18         MR. HASBANI:  Correct.

19         THE COURT:  Any reason I shouldn't do that?

20         MR. HASBANI:  Because we've taken the

21  necessary steps to obtain these documents and there's

22  been a delay --

23         THE COURT:  Did you send them a subpoena?

24         MR. HASBANI:  I believe so.

25         THE COURT:  To the companies?

```
1              MR. HASBANI:  Yes.

2              THE COURT:  Have you enforced it?

3              MR. HASBANI:  Not yet.

4              THE COURT:  Well, then you haven't --

5              MR. HASBANI:  We've sent --

6              THE COURT:  You haven't done the things that

7   are necessary.  Look, you have an obligation --

8              MR. HASBANI:  We've issued --

9              THE COURT:  Excuse me, excuse me.

10             MR. HASBANI:  May I just finish?

11             THE COURT:  I'm sorry.  You had an

12  obligation, as we discussed the last time we were

13  here --

14             MR. HASBANI:  Yes.

15             THE COURT:  -- a month ago.  You had an

16  obligation to provide these documents in discovery,

17  correct?

18             MR. HASBANI:  You have failed in that

19  obligation, correct?

20             MR. HASBANI:  Correct.

21             THE COURT:  I gave you a deadline for

22  compliance and warned you of sanctions under Rule 37 if

23  you failed to comply, correct?

24             MR. HASBANI:  Correct.

25             THE COURT:  Why shouldn't I therefore, given
```

1   that you had the ability to enforce your subpoena,

2   given that you failed to discharge your obligation to

3   do so, and given that were you on notice of the

4   potential consequences, why shouldn't I preclude you?

5          MR. HASBANI:  I believe I was required to

6   give them thirty days to comply with the subpoena and

7   we were here less than thirty days ago.

8          THE COURT:  But less than thirty days ago

9   was well after you were supposed to provide the

10  discovery, correct?

11         MR. HASBANI:  Correct.

12         THE COURT:  All right.  I'm going to impose

13  that sanction.

14         Anything else for today, folks?

15         MR. VILLANTI:  I don't think so, your Honor.

16         THE COURT:  Okay, have a good day.

17         MR. HASBANI:  Thank you.

18         MR. VILLANTI:  Thank you.

19         THE COURT:  I'm sorry, are we still on the

20  record?

21         THE CLERK:  Yes.

22         THE COURT:  Are you able to maintain the

23  lawsuit if you can't prove the payment history?

24         MR. HASBANI:  I believe so.

25         THE COURT:  How?

1          MR. HASBANI:  I have a note mortgage and

2    they've admitted to default.

3          THE COURT:  No, you're precluded from

4    introducing that because it's the subject matter I'm

5    precluding.

6          MR. HASBANI:  Actually, the note, the

7    mortgage, and the proof of default have been already

8    introduced.

9          THE COURT:  When you say introduced, not in

10   evidence.

11         MR. HASBANI:  They've been provided to

12   counsel.

13         THE COURT:  Not in evidence.  You haven't

14   had a trial yet.

15         MR. HASBANI:  Correct.

16         THE COURT:  You are precluded from entering

17   them in evidence at trial.

18         MR. HASBANI:  But those documents were

19   already provided in discovery.

20         THE COURT:  Yes, I know, but it's the

21   subject --

22         MR. HASBANI:  Why would I be precluded --

23         THE COURT:  Why?

24         MR. HASBANI:  Why would I be precluded

25   from --

1          THE COURT:  Look, I don't -- I don't want to

2    think that you are being wilfully obtuse but it looks

3    that way.  I have precluded the subject matter, not the

4    evidence that you failed to get, because that would

5    only have the potential for undermining your claim and

6    I understand why you don't want to provide it.

7          MR. HASBANI:  There's --

8          THE COURT:  What you're precluded on is the

9    subject matter of their payment history, their failure

10   to pay.  How can you maintain your claim if you cannot

11   prove their failure to pay?

12         MR. HASBANI:  They admitted it.

13         THE COURT:  How?  I've precluded the subject

14   matter.

15         MR. HASBANI:  I understand but they've

16   admitted it in their state action.

17         THE COURT:  If you're saying that you think

18   you've got a path forward, I will recommend dismissal.

19   Have a good day.

20         MR. HASBANI:  Your Honor, they've admitted

21   it in their state action.

22         THE COURT:  Have a good day.  You have

23   wilfully failed to do what you are required to do in

24   discovery and made it impossible for them to get a fair

25   trial on your claim.

```
 1              MR. HASBANI:  I respectfully disagree, your
 2    Honor.
 3              THE COURT:  I know you do.  Have a good day.
 4              MR. HASBANI:  Thank you?
 5                        *  *  *  *  *  *  *
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18          I certify that the foregoing is a correct

19   transcript from the electronic sound recording of the

20   proceedings in the above-entitled matter.

21

22

23

24

25   ELIZABETH BARRON                    February 20, 2020