

**PETROFF AMSHEN**

Serge F. Petroff
Steven Amshen*
James Tierney
Maria Garber
Jill Schaefer
(*admitted in New York & New Jersey)

**Via ECF**
Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: **Windward Bora, LLC v. Vadim Borodyansky, et al.**
         **Case No. 1:19-cv-04601-RRM-JO**

Honorable Judge Orenstein,

  This office represents Defendants Vadim Borodyansky and Alla Rytova ("Defendants") in the above-referenced foreclosure action. Please allow this letter to serve as a formal demand to Plaintiff to voluntarily dismiss its frivolous action, without the need for protracted litigation. Should Plaintiff refuse to discontinue the instant action, Defendants seek leave to file a motion for Fed. R. Civ. P. 11 sanctions.

  In this action, Plaintiff Windward Bora LLC ("Plaintiff") is attempting to collect on a time-barded mortgage loan that was presumably purchased by Plaintiff for pennies on the dollar. In its attempt to "fix" a bad business decision, Plaintiff filed the instant action after being served with an action seeking to discharge the mortgage under New York Real Property Actions and Proceedings Law §1501(4). The same Plaintiff has filed numerous similar actions in various Federal Districts in an attempt to use Federal Courts as a debt collector on uncollectable debts.

  In the instant action, Plaintiff has regularly failed to comply with Your Honor's orders, willfully disregarded its discovery obligations, and failed to provide a full set of relevant documentation to Defendants in connection with their discovery demands. The Plaintiff has been on notice that its continued failure to provide requested documents would result in discovery sanctions under Fed. R. Civ. P. 37(b)(2), yet Plaintiff did not cure the defects and has instead continued to waste judicial resources. To wit, on July 7, 2020, the District Court reopened discovery with the sole purpose being to facilitate a meaningful exchange of documents, *i.e.* to provide the payment history of the loan at issue. Your Honor concluded that "no sanction less severe than dismissal will suffice as a remedy for the plaintiff's willful discovery violations…" *See* Docket No. 31. Despite this, no payment history was produced.

  Both Federal and State Courts have repeatedly held that in order to establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note and evidence of default. *Capital One Nat'l Ass'n v. 48-52 Franklin, LLC*, 2014 U.S. Dist. LEXIS 49371 (S.D.N.Y. Apr. 8, 2014), *OneWest Bank, NA v. Rubio*, No. 14-CV-3800 (CS), 2015 U.S. Dist. LEXIS 113306, (S.D.N.Y. Aug. 26, 2015), *US Bank Nat'l Ass'n v. Nelson*, 169 A.D.3d 110, 93 N.Y.S.3d 138 (App. Div. 2d. Dept. 2019), *IndyMac Venture, LLC v. Amus*, 164 A.D.3d 883, 83 N.Y.S.3d 571 (App. Div. 2d. Dept. 2018).

**Brooklyn Office**
1795 Coney Island Ave, Third Floor
Brooklyn, New York 11230
Tel: 718.336.4200
Fax: 718.336.4242

**Long Island Office**
401 Franklin Avenue, Suite 212
Garden City, New York 11530
Tel: 516.200.8999
Fax: 888.502.7302

In determining whether a plaintiff has satisfied the final element of its prima facie case, Federal Courts examine if adequate evidence of default has been produced. *CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC*, No. 15-CV-8618 (KMK), 2017 U.S. Dist. LEXIS 100338, at *8-9 (S.D.N.Y. June 28, 2017). In *United States v. Paugh*, the Southern District underlined that "the payment history sufficiently establishes the default element, which is necessary to prove a prima facie case ..." 332 F. Supp. 2d 679, 681 (S.D.N.Y. 2004). Similarly, in *Capital One Nat'l Ass'n v. 48-52 Franklin,* the plaintiff also produced evidence of default through a letter, dated October 11, 2011, setting the maturity date of the Notes as November 30, 2011, and most importantly, the payment records of the three Notes, showing that there was an unpaid principal balance on all three Notes as of that maturity date. 2014 U.S. Dist. LEXIS 49371, at *10-11 (S.D.N.Y. Apr. 8, 2014). Consequently, the court held that the plaintiff had established a prima facie entitlement to foreclosure as a matter of law. *Id.* Clearly, in evaluating the third element of a foreclosing plaintiff's prima facie case, courts are applying the adequate evidence of default standard. Although courts do not specify what constitutes adequate evidence of default, the very fact that plaintiffs shouldered the burden by producing a payment history, proves that its production is necessary to satisfy the final element of the prima facie case.

The state courts are more specific with regard to the evidence of default standard. In a mortgage foreclosure action, evidence of default in payment requires the submission of an affidavit, together with the submission of the actual business records referred to in the affidavit. *Bank of N.Y. Mellon v. Gordon*, 171 A.D.3d 197, 210, 97 N.Y.S.3d 286, 297 (App. Div. 2d Dept. 2019).

As stated above, Plaintiff has failed to present any document proving evidence of default in discovery. Despite numerous requests, the documents presented by the Plaintiff do not include an actual payment history. This case is analogous to *U.S. Bank Nat'l Ass'n v. Harrington*, where the Appellate Division, Third Department held that the trial court did not abuse its discretion in remedying a lender's noncompliance with the borrowers' discovery request by striking the lender's foreclosure complaint without prejudice because, *inter alia*, the lender failed to respond to discovery demands for 18 months, and the requested payment history was central and indispensable to the borrowers' defense. 160 A.D.3d 1230, 75 N.Y.S.3d 638, 641 (App. Div. 3d Dept. 2018). Moreover, in *Urban Equity Partners, LLC v. Aribisala*, the Appellate Division, Second Department held that the line of credit agreement submitted by the plaintiff merely indicated that Aribisala had a line of credit that he could use to obtain cash advances from National City. 143 A.D.3d 887, 888, 39 N.Y.S.3d 224, 226 (App. Div. 2d Dept. 2016). As such, this was not sufficient to satisfy the default element and the plaintiff presented no evidence that the Aribisala actually received any such cash advances. *Id.*

Based on a review of the pleadings and discovery conducted, it is evident that there is no basis for the allegations made in the complaint. Plaintiff has not shouldered its burden to prove the third element a foreclosing plaintiff's prima facie case. Moreover, it has become abundantly clear that the Plaintiff will never be able to make its prima facie showing and this is certainly known to Plaintiff.

Rule 11 of the Federal Rules of Civil Procedure requires that every proposed pleading be signed by an attorney who believes, after reasonable inquiry, that the pleading is grounded in fact,

is warranted by existing law or a good faith argument for extension or reversal of existing law, and is not interposed for an improper purpose. Fed. R. Civ. P. 11(a). Here, the Plaintiff's complaint is not warranted by existing law or a good faith argument for the extension or modification of existing law. Under the aforementioned rule, by presenting to the court, a pleading, written motion, or other paper, an attorney certifies that to the best of the person's knowledge, information, and belief, the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)3. Clearly, Plaintiff did not investigate its allegations or obtain necessary documentation to prove them.

Upon analysis of said factors, it is abundantly clear that the prevailing law of the jurisdiction requires plaintiff to produce sufficient and adequate evidence of default in order to maintain a foreclosure action. The Plaintiff failed to produce such evidence to date, and moreover, will never be able to produce such evidence. As such, this action should be dismissed.

Respectfully submitted,

Steven Amshen, Esq.